IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEWANNA SEWARD,<br><br>    Defendant. | Case No. 2:22-cv-316 |

**MEMORANDUM OPINION & ORDER**

Before the Court are three motions: Defendant Dewanna Seward's Second Motion to Dismiss (ECF No. 51), Motion to Stay (ECF No. 53), and "Motion for Protective Order/Motion to Stay Depositions" (ECF No. 70). For the reasons stated herein, the second motion to dismiss is **GRANTED.** The motion to stay and the motion for protective order are **DENIED AS MOOT.**

**I.     BACKGROUND**

On October 20, 2021, Plaintiff Nationwide Insurance Company of America ("Nationwide") issued a tenant policy ("policy") to the defendant, Dewanna Seward. ECF No. 1 ¶ 2. This policy covered a Portsmouth home the defendant rented. On or about April 13, 2022, the defendant's rental home caught on fire. *Id.* at ¶ 11. Nationwide alleges that at the time of the fire, the defendant ran a daycare business, Indoor/Outdoor Reach, LLC, in the leased home. *Id.* at ¶ 12. As a result, Nationwide

filed this lawsuit seeking a declaratory judgment on July 25, 2022. Nationwide requests this Court to declare that it "has no obligation to provide insurance coverage or benefits to the Defendant" or to defend and indemnify her against any third-party claims arising from the April 13, 2022 fire. *Id.* at ¶¶ 20, I.

On August 31, 2023, the defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) because purported third parties were not joined in this action. ECF No. 32. The Court denied the motion. *See* ECF Nos. 50, 57 at 41:13–25. The defendant then filed a second motion to dismiss for lack of subject-matter jurisdiction on February 14, 2024. ECF No. 51. On February 23, 2024, Nationwide filed its opposition to the motion, and the defendant filed her reply on February 29, 2024. ECF Nos. 60, 61. The Court held a hearing on the motion on April 16, 2024.[1]

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

A party can challenge subject-matter jurisdiction in two ways: (1) a facial attack, which contends "that a complaint simply fails to allege facts upon which subject-matter jurisdiction can be based," or (2) a factual attack, which contends "that the jurisdiction allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quotations and citation omitted); *see* Fed. R. Civ. P. 12(b)(1). "Where a defendant claims that the facts alleged in the complaint that

---

[1] At the hearing, the Court also addressed the defendant's pending motion to stay and motion for protective order. ECF Nos. 70, 53. On January 11, 2024, the defendant filed a motion for judgment on the pleadings. ECF No. 41. The Court did not address that motion at the hearing.

establish jurisdiction are untrue, however, the pleadings are regarded as mere evidence, and the court may weigh the pleadings and all other evidence to determine whether subject-matter jurisdiction exists." *Kettler Int'l, Inc. v Starbucks Corp.*, 55 F. Supp. 3d 839, 844 (E.D. Va. 2014) (quotation marks and citation omitted).

### B. Ripeness

Ripeness is a "justiciability doctrine [that] determines when a case . . . is fit for federal judicial review." *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 199 (4th Cir. 2019). The doctrine of ripeness "originate[s] from . . . Article III" of the Constitution. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 n.5 (2014) (quotation marks and citations omitted). "The burden of proving ripeness falls on the party bringing suit." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (citation omitted). A claim is ripe for adjudication "when the action in controversy is final and *not dependent on future uncertainties*." *In re Naranjo*, 768 F.3d 332, 347 (4th Cir. 2014) (emphasis added, quotation marks and citations omitted). A claim is not ripe when "the plaintiff has not yet suffered injury and any future impact remains wholly speculative," or when "an injury is contingent upon a decision to be made by a third party that has not yet acted." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013) (quotation marks and citations omitted). When assessing ripeness, courts must consider the "hardship to the parties" and "the cost" of "delaying judicial review." *Miller*, 462 F.3d at 319 (quotation marks and citations omitted).

3

### C. Declaratory Judgment Actions

The Declaratory Judgment Act ("DJA") provides that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The "declaration shall have the force and effect of a final judgment." *Id*. District courts must conduct two inquires when deciding whether jurisdiction pursuant to the DJA exists: a constitutional inquiry and a prudential inquiry. *White v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 913 F.2d 167 (4th Cir. 1990) (citing *Aetna Life Ins. Co. Haworth*, 300 U.S. 227, 240–41 (1937)). First, "the dispute must be a 'case or controversy' within the confines of Article III of the United States Constitution—the 'constitutional' inquiry. Second, the trial court, in its discretion, must be satisfied that declaratory relief is appropriate—the 'prudential' inquiry." *Id*. (citations omitted).

## III. ANALYSIS

In her second motion to dismiss, the defendant argues that the Court lacks subject-matter jurisdiction because the matter is not ripe and because the amount-in-controversy requirement cannot be met.[2] ECF No. 52. Nationwide's Complaint requests declaratory judgment on three grounds: (1) whether Nationwide has a duty

---

[2] The Court finds that dismissal on the amount-in-controversy ground is not warranted because the defendant has not provided any evidence that the $75,000 threshold cannot be met. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting that when a plaintiff alleges that they have met the amount-in-controversy requirement, dismissal is only warranted when "it is apparent, to a legal certainty, that the plaintiff cannot recover the claimed amount"); *see Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008); ECF No. 1 ¶ 6 (stating that "the amount in controversy exceeds $75,000").

4

to defend against third-party claims arising from the fire, (2) whether Nationwide has a duty to indemnify the defendant for any such claims, and (3) whether Nationwide owes the defendant coverage for her own losses due to the fire. ECF No. 1 ¶¶ 20, I. The key question before the Court is whether each ground is justiciable. None are. And even if the claims in the Complaint were ripe, the Court would decline to exercise its discretion under the DJA.

### A. The Claim Based on the Duty to Defend is not Ripe.

In Virginia,[3] an insurer's duty to defend arises when allegations within the underlying complaint "against the insured allege[] facts and circumstances, some of which, if proved, would fall within the risk covered by the policy." *Brenner v. Laws. Title Ins. Corp.*, 397 S.E.2d 100, 102 (Va. 1990) (citation omitted); *Pa. Nat. Mut. Cas. Ins. Co. v. Block Roofing Corp.*, 754 F. Supp. 2d 819, 822 (E.D. Va. 2010) (collecting cases). Here there is no underlying complaint because there is no pending action by a third party. Nationwide avers that third-party claimants[4] may file suit in the

---

[3] "A federal court exercising diversity jurisdiction applies the choice of law rules of the forum state." *L-3 Commc'ns Corp. v. Serco, Inc.*, 926 F.3d 85, 96 (4th Cir. 2019) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). Virginia's choice-of-law rules apply "the law of the place where an insurance contract is written and delivered." *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (citing *Buchanon v. Doe*, 431 S.E.2d 289, 291 (Va. 1993)). Because Nationwide delivered the policy to Defendant Seward in Virginia, the Court applies Virginia law.

[4] Nationwide alleges that the defendant submitted a "claim for protection from other claims that are being brought." ECF No. 82 at 15. The Court is not in receipt of any such claim.

...

future. ECF No. 82 at 13. But a "future injury" cannot form the basis of justiciability if it is "*wholly* speculative" or depends "upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Doe*, 713 F.3d at 748, 761 (noting that a claim based on such a speculative future injury "should be dismissed as unripe") (emphasis added, quotation marks and citation omitted); *Wild Virginia v. Council on Env't Quality*, 56 F.4th 281, 295 (4th Cir. 2022) (quotation marks and citations omitted). While Nationwide views any *potential* legal claim as a claim itself, that is not the standard this Court must apply. *See* ECF No. 82 at 4 (defining a claim as "any notice to the insurance carrier that could reasonably result in a payment under the policy"). Because the duty to defend has not been triggered, this matter is not ripe.

Nationwide represents[5] that it "has been called upon to defend and pay third party claims"[6] via attorney representation letters. ECF No. 1 ¶ 19; ECF No. 82 at 36. However, in an August 31, 2022 letter, the attorney that previously represented those

---

[5] Because the defendant challenges the validity of the facts alleged in Nationwide's Complaint, the Court will weigh the pleadings and all other evidence. ECF No. 52 at 1–2; *Kettler Int'l, Inc.*, 55 F. Supp. 3d at 844.

[6] At the February 1, 2024 hearing, Nationwide presented an April 16, 2022 e-mail from the defendant to validate their assertions about third-party claims in its Complaint. ECF No. 57 at 16–19. In the e-mail, the defendant provided a list of names of children who were present during the fire. *Id*. at 16. The Court is not persuaded that such an e-mail creates a ripe case or controversy. Insurers often require their insured to give such notice of accidents and provide relevant details. The insured (or third parties) may choose never to seek relief. As a result, this kind of notice is not dispositive. Should the Court adopt Nationwide's position, it would be sufficient to establish jurisdiction anytime an accident occurs simply by providing a list of would-be claimants. This cannot be.

potential claimants withdrew his representation.[7] ECF No. 60-5. But nearly two years later, since the attorney's withdrawal, Nationwide has not received any subsequent notices of representation or suits filed against the defendant. Nor has any attorney come forward on behalf of these potential claimants to inform Nationwide that the claims will proceed. As Nationwide aptly puts it: the withdrawal leaves "so many possibilities. We just don't know." ECF No. 82 at 6. Assuming without deciding that something less than a lawsuit can trigger the duty to defend, the lawyer's withdrawal, coupled with almost two years of inaction, has extinguished any threat of a lawsuit sufficient to create a justiciable case or controversy. Thus, the claim remains unripe.[8]

---

[7] At the April 16, 2024 hearing, for the first time, Nationwide also alleged that it received third-party claims from two additional sources: (1) a property damage claim from the owner of the home and (2) subrogation claims from the defendant's neighbors. ECF No. 82 at 7. Perhaps these claims could establish that there is a ripe case or controversy to be decided, but the Court cannot give them any weight. Nationwide is unable to provide supporting documentation for these purported claims. *Id*. at 7–8. When asked why that is the case, Nationwide represented that its internal policies either prevent or inhibit it from making such disclosures to the Court. *Id*. at 8. No matter the reason, the Court cannot rely on claims about which it has no proof.

[8] The Court has also considered the additional evidence proffered in Nationwide's supplemental response to the second motion to dismiss. ECF No. 84. Nationwide attaches several bills for medical expenses of would-be claimants and represents that these expenses amount to $737,048.85. *Id*.; ECF Nos 84-2; 84-3; 84-4; 84-5; 84-6; 84-7; 84-8; 84-9. It appears Nationwide put forth this evidence primarily to support its view that the amount-in-controversy requirement has been met. This misses the point. The receipts were obtained through subpoenas of hospitals and fire departments—not from the claimants themselves or in any form that suggests these individuals have actually submitted claims to Nationwide. ECF No. 84-1 at 1 (noting that it "obtained additional documents and information by subpoenas to Chesapeake

7

### B. The Claim Based on the Duty to Indemnify is not Ripe.

Nationwide's duty to indemnify claims fare no better, because in Virginia, the duty to indemnify "relies on litigated facts." *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 155 (4th Cir. 2009). Here, no underlying action has been litigated, so there are no facts to "rel[y]" on. *Id.* The question "in controversy"— whether Nationwide will be obligated to indemnify against future claims—is far from "final." *In re Naranjo*, 768 F.3d at 347 (quotations and citation omitted). Nationwide's obligation to indemnify is "dependent on future uncertainties," *id.*, and is "wholly speculative." *Doe,* 713 F.3d at 758 (quotation marks and citation omitted). Accordingly, the duty to indemnify is not ripe. *See Trustgard Ins. Co.*, 942 F.3d at 200 (noting that duty to indemnify cases "would ordinarily be advisory when the insured's liability remains undetermined").

### C. Any Potential Dispute Regarding Coverage for Defendant Seward's Personal Losses is not Ripe.

Because the Court finds that the duty to indemnify and the duty to defend are not ripe for judicial review, the only remaining question is about Nationwide's obligation to provide coverage to the defendant for her personal losses. But the

---

Fire and Rescue; Children's Hospital of the King's Daughters; Portsmouth Fire and Rescue; and Tidewater Children's Associates"). And Nationwide has not claimed that any of these bills were submitted to it for reimbursement. Indeed, it appears that the providers billed *other* insurance companies. *See, e.g.*, ECF No. 84-2 at 7 (listing Optima Family Care as the insurance carrier); ECF No. 84-4 at 2 (listing HealthKeepers Plus as the insurance carrier). In sum, nothing in this supplemental pleading alters the Court's conclusion.

8

defendant has not yet sought coverage for any such losses. Accordingly, the Court finds that Nationwide's request for a declaration regarding its obligation to provide coverage is not ripe.

The Complaint never alleges that the defendant seeks coverage for herself. *See* ECF No. 1 ¶ 5 (deeming the defendant a "necessary party to this action because she seeks insurance coverage . . . for both indemnity and defense"). And Nationwide has admitted that they do "not . . . know of" any claims that the defendant has made against the policy for her own losses. ECF No. 82 at 15. Likewise, defense counsel does not know if the defendant ever sent a "formal request" for coverage to Nationwide. *Id.* at 17. Simply put, there is no evidence before the Court that the defendant has ever requested coverage from Nationwide in the two years since the fire. Indeed, the defendant may never seek coverage "at all." *Wild Virginia*, 56 F.4th at 295 (quotation marks and citations omitted). Because Nationwide's alleged future injury is contingent upon an event that may never occur, the question of coverage is not ripe. *Id.*; *Doe*, 713 F.3d at 758.

### D. Any Delay in Judicial Review Will not Cause Undue Hardship.

When assessing ripeness, the Court must balance the matter's fitness for judicial review against the "hardship to the parties" and "the cost" of "delaying judicial review." *Miller*, 462 F.3d at 319 (quotation marks and citations omitted). The Court finds that Nationwide would not suffer undue hardship should the Court dismiss this action.

9

Nationwide argues that a dismissal would cause it significant hardship because the potential claimants are minors, who could pursue claims "ten years from now," when "all the evidence will be gone." ECF No. 82 at 15, 13. But the evidence Nationwide would use to dispute an alleged duty to indemnify or defend, if such duties were ever triggered, would consist largely of the text of the policy and the plaintiff's own testimony about the nature of any business she ran out of her rented home. That evidence is not going away. *See, e.g., Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 413 (4th Cir. 2004) (noting that "if it appears clearly that the insurer would not be liable under its contract for any judgment based upon the allegations" in the underlying complaint, there is no duty to defend). And to the extent that other evidence *might* be necessary, Nationwide already possesses some of it.[9]

Additionally, any hardship must be "measured by the immediacy of the threat." *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208–09 (4th Cir. 1992) (citation omitted). For example, when a plaintiff's "injuries become worse each day decision is delayed," that presents an undue hardship. *Miller*, 462 F.3d at 321 (citing *Rail Reorganization Cases*, 419 U.S. 102, 123–24 (1974)). But that is not so here. As it stands, all Nationwide is required to do is wait. There is no "immedia[te] .

---

[9] Nationwide claims it interviewed the defendant and obtained a recorded statement from her. ECF No. 82 at 14. They also conducted an investigation "that included the injuries and damages of the children who were victims of the fire, the extent of their injuries and the amount of their projected medical expenses." ECF No. 60 at 2. Since then, Nationwide has subpoenaed additional documentary evidence of these expenses. ECF No. 84.

10

. . threat" of injury, so this factor weighs against a finding that Nationwide's claims are ripe. *Charter Fed. Sav. Bank,* 976 F.2d at 209 (citation omitted). Nationwide contends that, if it were permitted to proceed to discovery, it might turn up evidence of yet-unfiled claims by third parties. But Nationwide bears the burden of establishing that its claims are ripe *now*. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotations and citation omitted). Finding no evidence of a third-party claim that would trigger any duty on Nationwide's part, the Court concludes that Nationwide fails to meet that burden.[10]

Because any dispute regarding Nationwide's duty to defend, duty to indemnify, and duty to cover the defendant's personal losses is not ripe, the Court finds that this matter does not present a "case" or "controversy" within the meaning of Article III. Thus, the Court lacks subject-matter jurisdiction over the action, and dismissal is required.[11] *See Jones v. Calver Grp. Inc.*, 551 F.3d 297, 301 (4th Cir. 2009), *abrogated on other grounds by Fort Bend Cnty., Tx. v. Davis*, 139 S. Ct. 1843 (2019).

---

[10] In order to lighten its burden of proof, Nationwide attempts to reframe the question as one about the amount-in-controversy requirement only. ECF No. 82 at 32. That argument, and Nationwide's reliance on *Ellenburg*, 519 F.3d 192, are misplaced. The Court's decision rests on Nationwide's failure to demonstrate that any underlying claim has triggered a duty under the policy—not on whether the value of such a claim would clear the amount-in-controversy threshold.

[11] In suggesting that the Court does have subject-matter jurisdiction, Nationwide relies upon the Fourth Circuit's discussion of declaratory judgment actions in *Continental Cas. Co. v. Fuscardo*, 35 F.3d 963 (4th Cir. 1994). There, the Fourth Circuit explained that, pursuant to the DJA, a federal court should "entertain a declaratory judgment action" when the court's judgment "will serve a useful purpose in . . . settling the legal relations in issue . . . and afford relief from uncertainty,

## E.     The Court Declines to Exercise Jurisdiction Under the DJA.

If the Court's conclusion were incorrect, and this action were justiciable under Article III, the Court would nonetheless decline to exercise its discretion under the DJA, because "exercising discretionary jurisdiction would raise serious *questions* about Article III jurisdiction." *Am. Millennium Ins. Co. v. USA Freight Sols., Inc.*, No. 1:18-cv-1023, 2020 WL 733839, at *3 (M.D.N.C. Feb. 13, 2020) (citing *Trustgard*, 942 F.3d at 201–02) (emphasis added). A declaratory judgment in this case could, as Nationwide argues, "serve a useful purpose in . . . settling the legal relations in issue . . . and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Cas. Co. v. Fuscardo,* 35 F.3d 963, 965 (4th Cir. 1994); ECF No. 82 at 11. However, given the speculative nature of the injury Nationwide has presented, exercising jurisdiction here would risk "advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (quotation marks and citation omitted). The "normal principle[s] . . . of practicality and wise judicial administration" counsel against adjudicating this

---

insecurity, and controversy giving rise to the proceeding." *Continental Cas. Co.*, 35 F.3d at 965; ECF No. 82 at 11. But there is no legal relation at issue to be settled here. *Continental Cas. Co.*, 35 F.3d at 965. And, the DJA does not provide an alternative, independent basis for federal subject-matter jurisdiction. *Elec. Motor & Contracting Co., Inc. v. Travelers Indem. Co. of Am.*, 235 F. Supp. 3d 781, 793 (E.D. Va. 2017). Nor does it create a substantive cause of action simply because an insurer wants relief from uncertainty. *See Doe v. Coastal Carolina Univ.*, 359 F. Supp. 3d 367, 381 (D.S.C. 2019) (collecting cases). Without a controversy, the Court has no basis to adjudicate the matter as mandated by Article III. And *Continental* makes clear that an actual "controversy" must "giv[e] rise to the proceeding." 35 F.3d at 965. None exists here.

matter. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Thus, the Court finds it prudent to decline to exercise its discretion under the DJA to entertain this case.

## IV. CONCLUSION

Defendant Dewanna Seward's second motion to dismiss (ECF No. 51) is **GRANTED.** The claims and demands of Plaintiff Nationwide Insurance Company of America against Defendant Dewanna Seward are hereby **DISMISSED WITHOUT PREJUDICE.**

Defendant Dewanna Seward's motion to stay (ECF No. 53), motion for protective order (ECF No. 70), and motion for judgment on the pleadings (ECF No. 41) are **DENIED AS MOOT.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ 
Jamar K. Walker
United States District Judge

Norfolk, Virginia
April 30, 2024